IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| REGINALD O. ROBINSON | § | |
| v. | § | CIVIL ACTION NO. 6:14v544 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Reginald Robinson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Robinson was convicted on October 14, 2013, of the disciplinary offense of assaulting an officer without injuries. He complains that the disciplinary hearing office did not allow his witnesses and kicked him out of the hearing for being disruptive when Robinson mentioned "because being black" in his closing statements. He also complained that the charging officer acted in bad faith and lied, he received ineffective assistance from his counsel substitute, and the Director of TDCJ and the unit wardens failed to oversee the operations of the prison and the Michael Unit.

As punishment for the disciplinary case, Robinson received 45 days of cell and commissary restrictions, 15 days of solitary confinement, reduction in classification status, and the loss of 360 days of good time credits. Robinson acknowledged that he is not eligible for release on mandatory supervision; TDCJ records show that he is serving a sentence for aggravated assault with a deadly

weapon, which renders him ineligible for mandatory supervision under Tex. Gov. Code art. 508.149(a)(7).

After review of the pleadings, the Magistrate Judge issued a Report recommending that the application for habeas corpus relief be denied. The Magistrate Judge, citing *Sandin v. Conner*, 115 S.Ct. 2293, 2300-01 (1995) concluded that Robinson had failed to show that the punishments imposed upon him did not implicate any constitutionally protected liberty interests, and so Robinson had shown no basis for habeas corpus relief. Robinson filed objections to the Magistrate Judge's Report on September 22, 2014.

In his objections, Robinson argues first that denying his witnesses and excluding him from the closing phase of the hearing violated his rights under the Fourteenth Amendment. He says that he saw the parole board in August, which placed him under stress, and appears to argue that he is eligible for mandatory supervision; Robinson states that he does not have a life sentence and his conviction did not have an affirmative finding of use of a deadly weapon. He states that "my eligibility allows my parole time percentage, good time, and flat time to allow my mandatory eligibility, or we should question the district court 208th of Harris County."

As the Magistrate Judge stated, the salient issue in the case lies in the fact that Robinson failed to show that the deprivations imposed upon him as a result of the disciplinary case implicated any constitutionally protected liberty interests. The Fifth Circuit has held that in determining whether state action has violated an individual's right to procedural due process, the district court must first address whether or not the state action has deprived the person of a protected life, liberty, or property interest. *Augustine v. Doe*, 740 F.2d 322, 327 (5th Cir. 1984). In this case, the state action did not deprive Robinson of a protected life, liberty, or property interest because the punishments in the disciplinary case did not infringe upon any such interest. *Sandin*, 115 S.Ct. at 2296, 2301 (denial of inmate's witnesses did not set out a viable due process claim when punishment imposed did not infringe on a protected liberty interest).

Robinson's apparent assertion that he is eligible for release on mandatory supervision lacks merit because his offense of conviction renders him ineligible for such release. He became eligible for release on parole after serving one-half of his sentence, in accordance with Tex. Gov. Code art. 508.145(d), but this is not the same thing as eligibility for mandatory supervision. The Magistrate Judge correctly determined that there is no liberty interest in release on parole in the State of Texas. *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991). Because Robinson did not show the infringement of a constitutionally protected liberty interest through the punishments imposed in the disciplinary case, his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 6) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Reginald Robinson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 3rd day of November, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**